KEVIN D. FROST, Petitioner-Appellant, v. COUNTY OFFICERS ELECTORAL BOARD, Constituting the Electoral Board, Indiv. and as such Board, *et al.*, Respondents-Appellees.

First District (6th Division)  No. 1—96—0666

Opinion filed November 15, 1996, *nunc pro tunc* April 12, 1996.

Daniel J. Kelley, of Chicago, for appellant.

Schuyler, Roche & Zwirner, of Chicago (Michael C. Dorf, James D. Adducci, and Michael F. Braun, of counsel), for appellee Sidney R. Yates.

Jack O'Malley, State's Attorney, of Chicago (Patricia M. Moser and Mary Scarlett Wilson, Assistant State's Attorneys, of counsel), for appellee Cook County Officers Electoral Board.

PRESIDING JUSTICE ZWICK delivered the opinion of the court:

Petitioner, Kevin D. Frost, filed written objections to the candidacy of respondent, Sidney R. Yates, for nomination by the Democratic Party for the office of Representative in the United States Congress for the ninth congressional district of the State of Illinois in the March 19, 1996, primary election. Upon motion of respondent Yates, the Cook County Officers Electoral Board (Electoral Board) dismissed petitioner's objections, declared the challenged nomination papers to be valid, and ordered that the name of respondent Yates be printed on the ballot for the primary election. Petitioner's request for judicial review of that decision was affirmed by the circuit court of Cook County, and petitioner has appealed. This court granted petitioner's request for an expedited hearing, and on March 15, 1994, we entered an order affirming the decision of the circuit court and stating that an opinion or an order would follow.

Petitioner's sole objection asserted that the nomination papers were insufficient as a matter of law because the signature of respondent Yates upon the statement of candidacy was witnessed by a notary public commissioned by the District of Columbia rather than by the State of Illinois as required by section 7—10 of the Illinois Election Code (10 ILCS 5/7—10 (West 1994)). We disagree.

■ Section 2 of the Uniform Recognition of Acknowledgments Act specifically provides that "[n]otarial acts may be performed outside this State for use in this State with the same effect as if performed by a notary public of this State by *** a notary public authorized to perform notarial acts in the place in which the act is performed." 765 ILCS 30/2 (West 1994). In addition, section 6 of the Oaths and Affirmations Act states as follows:

"When any oath authorized or required by law to be made is made out of the state, it may be administered by any officer authorized by the laws of the state in which it is so administered, and if such officer have a seal, his certificate under his official seal shall be received as prima facie evidence without further proof of his authority to administer oaths." 5 ILCS 255/6 (West 1994).

The term "State" is defined to include the District of Columbia. 5 ILCS 70/1.14 (West 1994).

■ Based upon the statutory provisions cited above, we hold that an oath taken before a notary public who had received his or her commission from a state other than Illinois or from the District of Columbia is legally sufficient for the oath required on a statement of

candidacy under section 7—10 of the Election Code. Accordingly, we affirm the decision of the Electoral Board.

Affirmed.

McNAMARA and EGAN,[1] JJ., concur.

---

[1]Justice Egan participated in the decision of this case prior to his retirement from the bench.